GEORGE CLARK, Respondent, v. HARRY SILVERMAN and Another, Appellants.— Plaintiff has recovered a verdict for injuries sustained when he fell on the stairs leading to his apartment in a tenement building owned by defendants. His complaint alleges: "That said dwelling house is divided into flats or apartments for the use of and occupation by different families, and the same were separately rented by defendants for such purpose; that defendants at said time had and reserved to themselves control of various portions of said dwelling house, to wit, the vestibules, halls, lobbies and staircases, which were used in common by all the tenants and others lawfully within the premises; * * * that at the time hereinafter mentioned plaintiff was a tenant of one of the flats in said dwelling house." These allegations in the complaint are admitted by defendants' answer. The evidence sustains the verdict. There is evidence that the stairs leading to the third floor were out of repair, and that defendants had agreed to correct the dangerous condition, of which notice had been given. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

ANNA C. GURNEY, Respondent, v. GEORGE A. MACINTOSH, as Administrator C. T. A. of WILLIAM A. BRADFORD, Deceased, and Others, Appellants, and CITY OF CHARLESTON, WEST VIRGINIA, Defendant.— Appeal by the defendants from a judgment of foreclosure and sale in favor of the plaintiff and from each and every part of said judgment. William A. Bradford gave a purchase-money bond and mortgage to Maude M. Monell on July 9, 1923, and there was past due on this bond and mortgage the sum of $15,000 on March 18, 1926. On March 22, 1926, the plaintiff purchased the bond and mortgage, the same having been assigned to her March 18, 1926. It was paid for by her certified check drawn on the United States Mortgage and Trust Company. The defendants raised two issues in their answer: First, that the assignment to the plaintiff was without any consideration but was made to the plaintiff at the request of Mr. Bradford and to be held for his use and benefit; second, that Mr. Bradford paid the bond and mortgage in his lifetime. Prior to the taking over of the bond and mortgage plaintiff raised $15,000 through the United States Mortgage and Trust Company on her personal note. This note apparently was not indorsed by any one. Collateral was put up to secure the loan consisting of 100 shares of United States Steel and 100 shares of Kennecott Copper belonging to Mrs. Gurney and 81 shares of Marlin-Rockwell Company belonging to Mr. Bradford. There is no evidence that Mr. Bradford ever paid Mrs. Gurney any part of the principal or interest of this mortgage. There is evidence that Mr. Bradford made payments direct to the United States Mortgage and Trust Company on Mrs. Gurney's $15,000 note. There is evidence that he paid the whole of the $15,000 note. The evidence in the case fairly supports the judgment appealed from, and shows many other dealings between the plaintiff and William A. Bradford and claimed indebtedness from Bradford to plaintiff. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.